## In re BERKEBILE.

### (Circuit Court of Appeals, Second Circuit. February 1, 1906.)

### No. 95.

BANKRUPTCY—ADJUDICATION—TIME FOR TAKING APPEAL.

An appeal from a judgment adjudging the defendant a bankrupt must be taken within 10 days after the order is filed with the clerk, under Bankr. Act July 1, 1898, c. 541, § 25a (1), 30 Stat. 553 [U. S. Comp. St. 1901, p. 3432], and the time cannot be extended by the subsequent entry of an alias adjudication.

[Ed. Note.—Appeal and review in bankruptcy cases, see note to In re Eggert, 43 C. C. A. 9.]

Appeal from the District Court of the United States for the Western District of New York.

This cause comes here upon appeal from a decree of the District Court, Western District of New York, adjudicating appellant a bankrupt. Counsel for petitioning and intervening creditors moves that the appeal be dismissed, because it was not taken within the time prescribed by the act.

Thomas C. Burke, for appellant.

Walter S. Jenkins and William F. Wierling, for respondents.

Before LACOMBE, TOWNSEND, and COXE, Circuit Judges.

PER CURIAM. The special master's report was filed January 23, 1905. Exceptions were duly filed and the cause came on before the district judge on February 24th (144 Fed. 572), and on that day he filed a memorandum of opinion affirming the report. Subsequently, and on February 28th, there was filed in the clerk's office an order which was in all respects an adjudication. It recites the proceedings and the hearing, and then proceeds as follows:

"It is further ordered and adjudged that the said report of the said special master be, and the same hereby is, in all things confirmed, and the said Eppie B. Berkebile is hereby declared and adjudged a bankrupt accordingly."

Thereafter an additional adjudication to precisely the same effect was filed in the clerk's office on March 1st. It also provided "the said Eppie B. Berkebile is hereby declared and adjudged bankrupt accordingly."

No appeal was taken from the adjudication of February 28th, but on March 11th an appeal was taken from the adjudication of March 1st.

Adjudication of bankruptcy having been filed in the clerk's office on February 28th, it could be reviewed only by an appeal filed within 10 days thereafter. Bankr. Act July 1, 1898, c. 541, § 25, 30 Stat. 553 [U. S. Comp. St. 1901, p. 3432]. That time could not be extended by the subsequent entry of an alias adjudication. Therefore upon this appeal, taken more than 10 days after entry, the adjudication of February 28th could not be reviewed. If the alias adjudication of March 1st were considered and set aside upon this appeal, such disposition

144 F.—37

of it would in no way affect the adjudication of bankruptcy of February 28th, which by failure to appeal from it has now become final.

Appeals will not be entertained to argue moot questions only, and therefore this appeal is dismissed.